## McLAUGHLIN'S APPEAL.

Where property which has been devised for life, with remainder over, has been sold by the Sheriff, as the property of the life tenant, a bill in equity, brought by the remainder-man to prevent the purchaser taking possession of the property, will not lie during the life of the life tenant.

When the bill shows that complainant has no right to relief it will be dismissed upon an appeal from a preliminary injunction.

Appeal from the Common Pleas No. 3, of Philadelphia County. In Equity. No. 173 January Term, 1884.

This was a bill in equity, for an injunction, brought by Paul Betz and others against Charles Herrman, Sr., and William J. McLaughlin.

The bill set forth:

That Louisa Emert, widow of Henry Emert, deceased, was the owner in fee of the premises situate at the northeast corner of Ontario and Cooper streets, in the City of Philadelphia.

That on November 2, 1856, she intermarried with Charles Herrman, Sr., one of the defendants in the Court below.

That on May 31, 1859, the said Louisa, described as Louisa Fredericka, widow, executed a mortgage of the said premises to the said Charles Herrman, Sr., to secure the payment of the sum of $1,500 with interest, and that at the time of executing the said mortgage, the said Louisa was the lawful wife of Charles Herrman, Sr.

That the said Charles Herrman, Sr., prior to September 1, 1867, made a gift of the said mortgage and the principal sum thereby intended to be secured unto the said Louisa, his wife, and the same was destroyed.

That the said Louisa Herrman died on April 9, 1868, seized of the said premises, and by her will she devised the said premises unto her husband, the said Charles Herrmann, Sr., for life, and then unto her stepson, Charles Herrmann, Jr., and in case of his death, unto his offspring or children, and the offspring and children of the daughter of the said Charles Herrmann, Sr., and besides, the said testatrix gave unto the said Paul Betz, one of the plaintiffs above named, a life-long maintenance, consisting of board, washing and lodging, which should be a lien on the said premises.

That letters of administration upon the estate of Louisa Herrmann were on May 6, 1872, granted unto the said Charles Herrmann, Sr.

That the codicil to the will was probated March 24, 1881.

That the said Charles Herrman, Sr., on April 16, 1872, assigned the bond and mortgage of the said Louisa Fredericka to William Lorenz without consideration, and that the said William Lorenz instituted proceedings upon the said mortgage against the said Charles Herrman, as administrator of the estate of Louisa Herrmann, and judgment being obtained thereon, execution was issued, and the premises sold by the Sheriff, to the said Charles Herrmann, Sr., for $200.

That Charles Herrmann, one of the plaintiffs, is the minor son of Charles Herrmann, Jr., who is deceased, and was the son of Charles Herrmann, Sr., husband of Louisa Herrmann.

That Amelia and Ida Ruthard, two other plaintiffs, are minors, and are the children of the daughter of Charles Herrmann, Sr.

That the premises hereinbefore referred to were taken in execution as the property of the said Charles Herrmann, Sr., at the suit of William J. Thompson *et al.*, and were sold by the Sheriff to William J. McLaughlin for $500.

That the said William J. McLaughlin made a lease of the said premises to the said Charles Herrmann, Sr., on January 10, 1881, for the term of one year, at the annual rent of $200.

That on January 15, 1883, proceedings to recover possession of the said premises at the expiration of the term, were instituted before William H. List, Magistrate of Court No. 5, for the city of Philadelphia, upon the complaint of the said William J. McLaughlin as landlord, against the said Charles Herrman, Sr., as tenant, and judgment was entered in favor of the said William J. McLaughlin. An appeal thereon was taken by the said Charles Herrmann, Sr., to the Court of Common Pleas, No. 3.

The bill prayed :

That the said William J. McLaughlin, his agents, attorneys and servants may be restrained and enjoined from proceeding under any judgments they may have recovered, or shall hereafter recover, against the said Charles Herrman, Sr., to collect or receive the rents of the said premises or to obtain possession thereof, and that the same may be transferred to the receiver.

---

The Court awarded an injunction, as prayed for. McLaughlin then appealed, complaining of the action of the Court below.

*James Alcorn, Esq.,* argued that Charles Herrmann, Sr., on Dec. 1, 1879, was the owner in fee absolutely ; that the complainants were not entitled to interfere in the matter until after the death of Charles Herrmann, Sr. If they have any right to the rents or possession their remedy is ejectment. In a doubtful case the Court will not award an injunction ; Biddle vs. Ash, 2 Ash, 211 ; Minnig's Appeal, 82 Penna., 373.

*J. P. Rhoads, Esq.,* for appellee.

The Supreme Court reversed the decree of the Court below on 21 April, 1884, in the following opinion,

PER CURIAM:

The original will of Louisa Herrmann gave to her husband during his life the use of the property in question, and on his death, then the property to her stepson, and on the death of the latter, remainder over. The codicil does not in any manner interfere with or affect the life estate previously given to her husband. It is not until his death that any provision is made for the support of Paul Betz. It is therefore "after the death" of her husband that Betz first acquires any right. Previous to that time he has no lien charged on the property. The husband is still living. It follows that Betz now has no right to the relief prayed for, and the other complainants cannot interfere with the life estate given to the husband, whether it remains with him or has passed by due course of law to a third person. It was, therefore, error to award the special injunction prayed for.

And now, to wit, April 21, 1884, injunction dissolved and decree reversed, and bill dismissed at the costs of the appellees.